UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN K. STANLEY,    :
   Plaintiff,     :
           :     PRISONER
  v.         :  CASE NO. 3:11-cv-889 (SRU)
           :
ADAM SCOTT,      :
    Defendant.   :

INITIAL REVIEW ORDER

 Steven K. Stanley ("Stanley"), commenced this action while he was incarcerated.  He has since been released.  Stanley alleges that Adam Scott ("Scott"), the State's Attorney prosecuting him for violation of probation, violated Stanley's right to due process when he spoke to the judge ex parte during the trial.

 Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.

 In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Stanley alleges that Scott asked the court to dismiss Stanley's key witness, his wife, while Stanley was not in the courtroom. Scott is a state prosecutor.  A prosecutor is protected by absolute immunity from a section 1983 action seeking damages for virtually all acts, regardless of motivation, associated with his function as an advocate. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).  Stanley alleges that defendant Scott acted improperly during the violation of probation proceeding.  Because his actions are protected by absolute prosecutorial immunity, all claims for damages against defendant Scott are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Stanley also asks that Scott be disbarred and seeks relief from Scott for mental anguish and emotional distress.  An attorney's violation of professional rules of conduct does not itself give rise to a cause of action against her nor should it create any presumption that a legal duty has been breached.  Conn. Rules of Prof. Conduct, Scope (2012).  Rules of Professional Conduct for lawyers in Connecticut are "not designed to serve as a basis for civil liability."  *Id*.  Stanley's request for discipline is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to his pursuing his concerns through the state grievance procedures.

Stanley additionally seeks remedies for the alleged violation of his due process rights.  This court does not have jurisdiction to review claims challenging state court proceedings.  *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker*

*v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Phifer v. City of New York*, 289 F. 3d 49, 55-56 (2d Cir. 2002).   "Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over cases that effectively seek review of judgments of state courts."  *Phifer,* 289 F.3d at 55.  The only means by which a party may seek federal review of a state court judgment is by petitioning the Supreme Court for certiorari.  *Id.*  Accordingly, Stanley's due process claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to his pursuit of those claims through the state court appeals process.


ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)      The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

(2)      In light of this ruling, Stanley's motion for service of the complaint [**Doc. #10**] is **DENIED** as moot.

(3)      The Clerk is directed to enter judgment and close this case.


**SO ORDERED** this 18ᵗʰ day of September 2012, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge